THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 2 5 2022
PER ___
DEPUTY CLERK

**PENNSYLVANIA NATIONAL MUTUAL**
**CASUALTY INSURANCE COMPANY,**

          **Plaintiff,**

v.

**TIDEWATER EQUIPMENT**
**COMPANY and MID-STATE**
**FORESTRY EQUIPMENT, LLC,**

          **Defendants.**

3:21-CV-551
(JUDGE MARIANI)
(Magistrate Judge Carlson)

## ORDER

AND NOW, THIS 24th DAY OF MARCH 2022, upon consideration of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 31) for clear error or manifest injustice, **IT IS HEREBY ORDERD THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. 31) is **ADOPTED** for the reasons set forth therein;[1]

2. Defendant Mid-State's Motion to Dismiss (Doc. 12) is **GRANTED** with the result that Counts I, III, and IV of Plaintiff's Amended Complaint (Doc. 11) are **DISMISSED**;

---

[1] The Court notes that the R&R's analysis of the economic loss doctrine relies in part on *Werwinski v. Ford Motor Company*, 286 F.3d 661 (3d Cir. 2002). (*See* Doc. 31 at 11, 20.) *Werwinski* held in part that the economic loss doctrine applies to UTPCPL claims. 286 F.3d at 670-682. This holding was abrogated by *Earl v. NVR, Inc.*, 990 F.3d 310, 314 (recognizing the tension between *Werwinski* and the Pennsylvania Superior Court's decision in *Knight v. Springfield Hyundai*, 81 A.3d 940 (Pa. Super. Ct. 2013)). Because this case does not involve UTPCPL claims, the abrogation of *Werwinski* as to the economic loss doctrine's applicability to UTPCPL claims does not affect the R&R's reliance on *Werwinski* as to the economic loss doctrine's applicability to tort claims.

3. Defendant Tidewater's Motion to Dismiss (Doc. 14) is **DENIED;**

4. Counts II, V, and VI of Plaintiff's Amended Complaint (Doc. 11) go forward.

Robert D. Mariani
United States District Judge